**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **LEONARD PAULK,** | **Civil Action No. 14-3490 (FLW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

**WOLFSON, United States District Judge:**

I.     **INTRODUCTION**

Petitioner Leonard Paulk, a prisoner incarcerated at Federal Correctional Institution, Gilmer, Glenville, West Virginia, is proceeding *pro se* with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  At this time, the Court must screen the Petition in accordance with Rule 4 of the Rules Governing Section 2255 cases to determine if the Petition should be dismissed because Petitioner is not entitled to relief.  For reasons stated below, the Court dismisses the Petition as untimely.

II.     **FACTUAL BACKGROUND**

The Court recounts only the facts relevant to this Opinion.  On November 30, 2004, Leonard Paulk was convicted, following a jury trial, of one count of conspiracy to distribute narcotics, in

---

[1]  Petitioner has been notified pursuant to the Third Circuit's decision in *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) that if he "fail[s] to set forth all grounds in this motion," he "may be barred from presenting additional grounds at a later date." (No. 1, Pet. At 4.)  Petitioner has also submitted an application for *in forma pauperis* status.  Because there is no fee associated with a motion a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, and Petitioner has not offered any reasons for requesting *in forma pauperis* status, that application is denied.

violation of 21 U.S.C. § 846 (count 1), and one count of distribution of crack cocaine, or cocaine

base, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2 (count 3).  (*See* Judgment as to

Leonard Paulk, Crim. No. 228-02, ECF No. 357.) Petitioner was sentenced on December 19,

2005 to life in prison, 8 years of supervised release, and a fine of $15,000.  (*Id.*).   The Third

Circuit affirmed Petitioner's conviction and sentence on November 5, 2008.  *See U.S. v. Paulk*,

298 F. App'x. 206 (3d Cir. 2008).  Petitioner did not file a Petition for Certiorari with the

Supreme Court of the United States.[2]

Petitioner executed the instant Petition to vacate his sentence on May 28, 2014.  (ECF

No. 1, Pet. at 7.)  In that Petition, Petitioner acknowledges that his Petition is untimely, stating

that he "filed a petition for a writ of Habeas Corpus in 2014, more than six years after his

conviction and sentence became final, claiming he was innocent and received ineffective . . .

assistance of counsel during his pretrial, trial[,] sentence[,] and direct appeal process, and

---

[2]  Following the Third Circuit mandate, Paulk filed a series of postjudgment documents in the
District Court in his criminal case, and began sending various materials to the prosecuting
Assistant United States Attorney (AUSA). (Crim No. 03-228-02, ECF Nos. 455-462.) The
Government moved to strike Paulk's postjudgment filings and restrict his ability to make future
filings with the Court, arguing that Paulk's filings were designed to harass and threaten the
District Judge, the prosecutor, and other government personnel.  (*Id.* at ECF No. 465.)  On June
22, 2010, following a show cause hearing on the motion, the undersigned determined that
Paulk's filings with the Court and mailings to the AUSA were of a vexatious and harassing
nature and issued an injunctive order, pursuant to 28 U.S.C. § 1651, barring Paulk from filing
any document or pleading with the court as a pro se litigant, unless he first seeks and receives
permission to file via procedures set forth by the court.  (*Id.* at ECF No. 467.) The undersigned
also ordered that all of Paulk's postjudgment filings be stricken from the record. (*See id.*)  Paulk
appealed, and the Third Circuit ruled that his appeal was untimely, thus depriving the Court of
jurisdiction.  *See U.S. v. Paulk*, 453 F. App'x. 236 (3d Cir. 2011).  On February 24, 2012,
Petitioner, then confined at USP–Hazelton located in West Virginia, filed a Petition for a Writ
of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in the Northern District of West Virginia, which
was denied as unintelligible and dismissed with prejudice.  *See Paulk v. O'Brien*, Civ. Act. No.
2:12CV12, 2012 WL 1435669 (N.D. W. Va. Apr 04, 2012), *report and recommendations
adopted by*, (*Paulk v. O'Brien*, Civ. Act. No.  2:12-12, 2012 WL 1435667 (N.D. W. Va. Apr. 25,
2012).  None of Paulk's prior filings raise the issues he now attempts to raise in the instant
Petition pursuant to 28 U.S.C. § 2255

submitted [an] affidavit that supported his claim which characterized as newly discovered evidence, that he is entitled to relief under Actual innocence, under Supreme Court law McQUIGGEN v. PERKINS."  (No. 1. Pet. at 9) (alteration in original).)  His rambling Petition, however, is largely unintelligible and does not contain an affidavit or any facts whatsoever to support his claim of actual innocence or other basis for tolling.

## III.   ANALYSIS

Habeas Rule 4 requires a judge to *sua sponte* dismiss the motion without ordering a responsive pleading "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  28 U.S.C. § 2255 Rule 4(b).[3] Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994).  Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief." *Thomas v. Holder*, Civ. No. 09-6170, 2010 WL 174833, at *2 (D.N.J. Jan. 11, 2010) (citing *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025, 109 S.Ct. 1758, 104 L.Ed.2d 194 (1989)); *see also* McFarland, 512 U.S. at 856, 114 S.Ct. 2568; *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief"); *see also Ortiz-Dominguez v. Hollingsworth*, Civ. No. 13–0025,  2013 WL 163284, at *3-4  D.N.J. Jan. 11, 2013) (summary dismissal appropriate where petitioner attempts to brings an untimely habeas petition under 28 U.S.C. § 2241 but fails to satisfy exception laid out in *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997)).

---

[3] Moreover, Habeas Rule 2(b) requires a § 2255 motion to "specify all the grounds for relief available to the moving party," "state the facts supporting each ground," and "state the relief requested." 28 U.S.C. § 2255 Rule 2(b).

Here, the issue is whether the Petition, brought pursuant to 28 U.S.C. § 2255, is untimely on its face.  Pursuant to 28 U.S.C. § 2255(f), "[a] 1–year period of limitation shall apply to a motion under this section."  *See id.*   The limitation period runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); *see also* 28 U.S.C. § 2244(d)(1).

As explained by the Third Circuit in *Kapral v. U.S.*, 166 F.3d 565, 577, 570-71 (3d Cir. 1999), a "judgment of conviction becomes 'final' within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires.  If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."  *Id.* (explaining that "[a] defendant has 90 days from the date on which the court of appeals affirms the judgment of conviction to file a petition for a writ of certiorari"); *see also Clay v. U.S.*, 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003) (citations omitted) (A federal criminal conviction becomes "final," within the meaning of § 2255(f)(1), when the

United States Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

The statute of limitations, however, is subject to certain equitable considerations.  One such consideration is a showing of actual innocence.  *See McQuiggin v. Perkins*, ⎯ U.S. ⎯, ⎯, 133 S.Ct. 1924, 1934–46, 185 L.Ed.2d 1019 (2013).  The actual innocence test requires the petitioner to supplement his claim with new, reliable evidence of factual innocence.  *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). ); *see also U.S. v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013) (explaining that "standard that a petitioner must meet for [actual innocence] claims brought under § 2255 . . . applies equally to actual innocence claims brought under § 2241").  The Supreme Court has explained that this is an exacting standard:  "The miscarriage of justice exception, we underscore, applies to a severely confined category:  cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  *McQuiggin*, 133 S.Ct. at 1933 (quoting *Schlup*, 513 U.S. at 329).

The courts have also recognized that the statute of limitations may be equitably tolled where extraordinary circumstances so warrant.  *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).  Equitable tolling should be granted sparingly and only when the principles of equity would make the rigid application of a limitation period unfair.  *See Thomas*, 713 F.3d at 174 (citing *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).  A petitioner must establish that he has diligently pursued his rights and that extraordinary circumstances stood in his way and prevented timely filing in order to be eligible for equitable tolling.  *Id.* (citing *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562–63, 177 L.Ed.2d 130 (2010)).  Mere excusable neglect is not sufficient.  *Id.*

5

Here, Petitioner's conviction and sentence was affirmed by the Third Circuit on November 5, 2008, *Paulk*, 298 F. App'x. 206, and became final for statute of limitations purposes 90 days later on February 3, 2009.  As such, Petitioner had until February 3, 2010 to file his Petition for habeas relief.  Pursuant to the prisoner mailbox rule, Petitioner filed the instant motion to vacate his sentence on May 28, 2014.[4] (No. 1.)  Thus, as Petitioner acknowledges, his Petition is untimely on its face.  (*See* ECF No. 1. Pet. at 9); *see also* 28 U.S.C. § 2255(f)(1).  Although Petitioner presents rambling arguments suggesting that he is innocent, he has not presented facts in an affidavit or in the Petition itself that support his claim of actual innocence.  Nor does he provide facts to support another basis for tolling.  As such, the Court finds that the Petition must be dismissed as time-barred under ADEPA.

## IV.   CONCLUSION

Pursuant to Rule 4 of the Rules Governing Section 2255 Cases, the Court dismisses the Petition as untimely under AEDPA.  A certificate of appealability is denied.  To the extent Petitioner has valid reasons why the Petition should not be dismissed as untimely, Petitioner may file a motion to reopen stating those reasons within 30 days from the date of entry of the Order accompanying this Opinion.  If Petitioner intends to assert actual innocence or that he is entitled to equitable tolling, he must present facts supported by a certification as well as applicable legal arguments.  An appropriate Order follows.

---

[4] For purposes of the statute of limitations inquiry, "a pro se prisoner's habeas petition is deemed filed at the moment [ (s) ]he delivers it to prison officials for mailing to the district court," *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (citing *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)); *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally).  The Court assumes for purposes of this Opinion that Petitioner delivered his Petition to prison officials on the day he executed the Petition.

s/Freda L. Wolfson
Freda L. Wolfson
United States District Judge

Date: June 25, 2015